```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KATHERINE BRYANT, by and through her
parents and natural guardians, APRIL
BRYANT and WAYNE BRYANT, Individually,
and WAYNE BRYANT, Individually,

                                            MEMORANDUM & ORDER
                Plaintiffs,                 09-CV-1751(JS)(ETB)

        -against-                                -and-

THOMAS H. MILHORAT, M.D., PAULO A.          09-CV-1835(WDW)
BOLOGNESE, M.D., MISAO NISHIKAWA, M.D.,     09-CV-1836(ETB)
NORTH SHORE - LONG ISLAND JEWISH HEALTH     09-CV-2368(ADS)(AKT)
SYSTEM INC., THE CHIARI INSTITUTE, HARVEY   09-CV-2506(DRH)(AKT)
CUSHING INSTITUTES OF NEUROSCIENCE, and     09-CV-2687(JS)(AKT)
CHANLAND ROONPRAPUNT, M.D.,                 09-CV-3031(JS)(AKT)
                                            09-CV-3060(WDW)
                                            09-CV-3061(AKT)
                Defendants.                 09-CV-3141(JS)(AKT)
----------------------------------------X   09-CV-3842(WDW)
                                            09-CV-4269(JS)(AKT)
                                            09-CV-4298(AKT)
                                            09-CV-4381(ADS)(AKT)
                                            09-CV-4579(JS)(AKT)
                                            09-CV-4752(ETB)
                                            09-CV-5085(WDW)
                                            09-CV-5201(ADS)(AKT)
                                            09-CV-5230(DRH)(AKT)
                                            09-CV-5621(ADS) (AKT)
                                            10-CV-0103(AKT)
                                            10-CV-0145(WDW)
                                            10-CV-0366(ARL)
                                            10-CV-0551(JFB)(AKT)
                                            10-CV-0621(JFB)(AKT)
                                            10-CV-0765(WDW)
                                            10-CV-0863(WDW)
                                            10-CV-1160(ARL)
                                            10-CV-1271(JS)(AKT)
                                            10-CV-1396(ETB)
                                            10-CV-1465(JS)(AKT)
                                            10-CV-1586(JS)(AKT)
                                            10-CV-1769(JFB)(AKT)
                                            10-CV-2059(WDW)
                                            10-CV-2258(ARL)
```

```
                                      10-CV-2284(DRH)(AKT)
                                      10-CV-2687(JS)(AKT)
                                      10-CV-4260(ETB)
                                      10-CV-5701(DRH)(AKT)
                                      10-CV-5881(ADS)(ARL)
                                      10-CV-5882(AKT)
                                      10-CV-5957(ETB)
                                      11-CV-0458(ADS)(ETB)
```

APPEARANCES
For Plaintiffs:      Christina Ctorides, Esq.
                     Lee S. Goldsmith, Esq.
                     Goldsmith Ctorides & Rodriguez, LLP
                     747 Third Avenue, 37th Floor
                     New York, NY 10017

                     Andrew Bell, Esq.
                     Gene Locks, Esq.
                     Janet Walsh, Esq.
                     Steven P. Knowlton, Esq.
                     Locks Law Firm PLLC
                     747 Third Avenue
                     New York, NY 10017

                     Michael A. Galpern, Esq.
                     Locks Law Firm LLC
                     457 Haddonfield Road, Suite 500
                     Cherry Hill, NJ 08002

Defendants
Dr. Roonprapunt:     Charles L. Bach, Jr., Esq.
                     Natalie Joanne Rebecca Cohen, Esq.
                     Heidell, Pittoni, Murphy & Bach, LLP
                     99 Park Avenue
                     New York, NY 10016

                     John P. McNaboe, Esq.
                     Karen Lynch, Esq.
                     Kenneth Walter Loock, Esq.
                     Heidell Pittoni Murphy & Bach, LLP
                     1050 Franklin Avenue
                     Garden City, NY 11530

All other            Anthony M. Sola, Esq.
Defendants:          Nancy J. Block, Esq.
                     Erin Michelle Perry, Esq.
                     Jeanette Antico, Esq.

                    Rebecca Rose Buzzeo, Esq.
                    Martin, Clearwater & Bell LLP
                    220 East 42nd Street
                    New York, NY 10017

                    Daniel Freidlin, Esq.
                    Rosaleen T. McCrory, Esq.
                    Martin, Clearwater & Bell
                    90 Merrick Avenue
                    East Meadow, NY 11554

                    Deborah Michelle Zawadzki, Esq.
                    Jonathan B. Bruno, Esq.
                    Kaufman, Borgeest & Ryan LLP
                    120 Broadway, 14th Floor
                    New York, NY 10271

SEYBERT, District Judge:

Pending before the Court are Plaintiffs' objections to a portion of Magistrate Judge A. Kathleen Tomlinson's October 5, 2011 discovery order (the "Discovery Ruling"). Specifically, Plaintiffs complain that the Discovery Ruling incorrectly denied their motion to compel Defendants to remove "confidential" designations from certain documents. For the following reasons, Plaintiffs' objections are overruled and the Discovery Ruling is affirmed.

## BACKGROUND

The parties in these cases, which have been consolidated before Judge Tomlinson for discovery purposes only, entered into an umbrella confidentiality order (the "Confidentiality Order"). (See Docket Entries 178, 185.)[1]  The

---

[1] The "interim confidentiality order" (Docket Entry 178) was

Confidentiality Order provides in pertinent part that:

> If a party in good faith believes that Discovery Material designated as "Confidential" pursuant to this Confidentiality Agreement and Order was improperly or inappropriately so designated under the Federal Rules of Civil Procedure and applicable law, said party shall confer with the other parties in a good faith attempt to resolve the dispute.  If the parties cannot resolve the dispute, the party seeking to maintain the material confidential shall, within a reasonable period of time, present the dispute to this Court by motion, or as otherwise permitted by this Court.  This Court may then determine whether said Discovery Material should be considered "Confidential", and whether or not such designation should be removed.  ***In the context of such an application, this Court will decide which party shall have the burden, if any, to maintain or disprove the appropriateness of the "Confidential" designation.***  No party shall be obligated to challenge the propriety of the "Confidential" designation of Discovery Material at the time of production, and a failure to promptly do so shall not, in and of itself, preclude a subsequent challenge as to the propriety of such a designation provided the challenge is made within a reasonable period under the circumstances.

(Confidentiality Order ¶ 20 (emphasis added).)

As is relevant here, Plaintiffs challenged the confidentiality designations that Defendants had given to certain documents.  Plaintiffs requested that Defendants remove the designation from those materials, but Defendants did not

---

approved as the "final confidentiality order" with minor changes not relevant here (Docket Entry 185).

respond. The parties discussed the issue with Judge Tomlinson during an October 5, 2011 status conference, and after ascertaining that the designations would not impact this litigation, Judge Tomlinson remarked as follows:

> [C]onsidering the circumstances and the pressure on everybody here, with regard to the deadlines we're facing, I've heard argument which I would have heard that I had been looking at papers if they had come in, and I understand that that's the protocol called for in the confidentiality agreement based on what I've heard, I don't believe that there is a basis in this litigation to remove that designation. So that's my ruling. I'm not going to make them file a motion, all right?

(October 5, 2011 Hrg. Tr. ("Hrg. Tr.") 70.) She followed up with a minute order that stated, in relevant part:

> I will not compel defendants to remove the confidentiality designations from certain documents which plaintiffs claim demonstrate that the defendants interfered with the peer-review process with respect to one of the articles that is central to this litigation. Plaintiffs have not demonstrated an appropriate basis for removing the designation. I am waiving the provision of the confidentiality stipulation and order which requires motion practice on this issue since I have heard argument from the parties today and have rendered a decision.

(October 5, 2011 Minute Order ¶ 7.)

## DISCUSSION

Plaintiff argues that Judge Tomlinson erred by (1) burdening Plaintiffs with demonstrating a basis for removing the

5

confidentiality designation (Pl. Br. 5); and (2) waiving motion practice in connection with Plaintiffs' application (Pl. Br. 4). In opposing the motion, Defendants seek their reasonable expenses and attorneys' fees pursuant to Federal Rule of Civil Procedure 37. (Def. Opp. 13.)

The Court may disturb a Magistrate Judge's ruling in a non-dispositive matter only if it finds that the ruling was "clearly erroneous or contrary to law." E.g., Aboeid v. Saudi Arabian Airlines Corp., No. 10-CV-2518, 2011 WL 5117733, at *1 (E.D.N.Y. Sept. 6, 2011). A ruling is "clearly erroneous" if the Court, after considering all of the evidence before it, "is left with the definite and firm conviction that a mistake has been committed." Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F.3d 64, 67 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). Under the "contrary to law" standard, the Court can reverse the decision "only if it finds that the magistrate fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Aboeid, 2011 WL 5117733, at *2 (citations and quotation marks omitted).

In this case, Plaintiffs have not demonstrated that the Discovery Ruling was clearly erroneous or contrary to law. Plaintiffs' argument that the party seeking a confidential designation always and automatically has the burden of

demonstrating why such a designation is appropriate is undercut by the language of the operative Confidentiality Order, which was agreed to by all parties and "so ordered" by the Court. Although the burden of showing a basis for protecting a document generally rests with the party asserting confidentiality, see, e.g., Cuno Inc. v. Pall Corp., 117 F.R.D. 506, 508 (E.D.N.Y. 1987), the Confidentiality Order provides that the Magistrate Judge "will decide which party shall have the burden, if any, to maintain or disprove the appropriateness of the 'Confidential' designation." (Confidentiality Order ¶ 20.) Under the circumstances, then, and in the absence of authority considering Confidentiality Order language of the type at issue here, the Court cannot say that the Discovery Ruling was contrary to law. Nor is the Court persuaded that the Discovery Ruling improperly denied Plaintiffs an opportunity to submit briefs in support of their arguments. The Confidentiality Order anticipated that confidentiality disputes could be adjudicated without resort to formal motion practice (see Confidentiality Order ¶ 20 (confidentiality disputes shall be presented to the Magistrate Judge by motion "or as otherwise permitted by this Court") and Judge Tomlinson was well within her discretion to rule on the issue without requiring written submissions (see Hrg. Tr. 70 ("[C]onsidering the circumstances and the pressure on everybody here, with regard to the deadlines we're facing, I've heard

7

argument which I would have heard that I had been looking at papers if they had come in . . .")).

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the Discovery Order are OVERRULED and the Discovery Ruling is AFFIRMED. Defendants' request for attorneys' fees is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: May __7__, 2012  
Central Islip, New York