00338-081368

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

███████████, by and through her parents and natural guardians, APRIL BRYANT and WAYNE BRYANT and APRIL BRYANT, Individually, and WAYNE BRYANT, Individually,

                Plaintiffs,

-against-

THOMAS H. MILHORAT, M.D., PAOLO A. BOLOGNESE, M.D., MISAO NISHIKAWA, M.D., L. THIERRY REMY, M.D., CHANLAND ROONPRAPUNT, M.D., NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC., THE CHIARI INSTITUTE, an unincorporated entity of North Shore University Hospital, and HARVEY CUSHING INSTITUTES OF NEUROSCIENCE, an unincorporated entity of North Shore University Hospital.

                Defendants.

----------------------------------------------------------------X

**RULE 26 INITIAL DISCLOSURES**

CV 09 1751

FEUERSTEIN, J.

TOMLINSON, M.J.

     Defendants THOMAS H. MILHORAT, M.D., PAOLO A. BOLOGNESE, M.D., MISAO NISHIKAWA, M.D., L. THIERRY REMY, M.D., NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC., THE CHIARI INSTITUTE, an unincorporated entity of North Shore University Hospital, and HARVEY CUSHING INSTITUTES OF NEUROSCIENCE, an unincorporated entity of North Shore University Hospital (hereinafter "Defendants"), by their attorneys, MARTIN CLEARWATER & BELL LLP, as and for their automatic disclosure state as follows:

    A.    The identity of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, and the subject thereof:

1490058_1.DOC

1.  Plaintiffs April and Wayne Bryant on the issues of alleged liability and alleged damages.

2.  Defendants Thomas H. Milhorat, M.D., Paolo A. Bolognese, M.D., Misao Nishikawa, M.D. and L. Thierry Remy, M.D. on the issues of alleged liability and alleged damages. It is Defendants position that some of these individuals may be inappropriately named in the Complaint and any information they possess is only necessarily discoverable to the extent they must prove their potential lack of management of the patient's care as it relates to the allegations asserted in the Complaint.

3.  Co-defendant Chanland Roonprapunt, M.D on the issues of alleged liability and alleged damages.

4.  All of plaintiff ███████ ███████ prior and subsequent treating physicians as these individuals may have discoverable information on the issues of the alleged claims and alleged damages.

5.  Other North Shore – Long Island Jewish Health System, Inc. and The Chiari Institute personnel.

B.  **A general description of all documents in the custody and control of the defendants that may be use to support their claims or defenses:**

Defendants are in possession of Hospital medical records, radiological films/studies, records from The Chiari Institute, E-mails, the shared p drive as well as other material supportive and relevant to defendants' studies.

C.  **A computation of any category of damages claimed by that party:**

Defendants are not claiming to have sustained any damages in this action.

D.  **A copy of the insurance policy that may provide coverage for part or all of any judgment that might be entered in this action:**

We have been advised by our client and its insurance carrier of the following information:

1) North Shore-Long Island Jewish Health System, Inc. maintains a primary professional liability occurrence based policy with Physicians' Reciprocal Insurers under policy #88003 with effective dates of December 31, 2007 to December 31, 2008 and policy limits of $1 Million/$50 Million. Defendants Thomas Milhorat, M.D., Paolo Bolognese, M.D., Misao Nishikawa, M.D. and L. Thierry Remy, M.D. are insured under the Health System's insurance program.

2) Defendants maintain an excess claims made insurance policy with Regional Insurance Company, Ltd. with policy limits of $6.5 Million excess of $1 Million per claim (each and every).

3) Defendants maintain an excess claims made insurance policy with Berkley Medical Excess with policy limits of $20 Million excess of $7.5 Million per claim (each and every).

4) Defendants maintain an excess claims made insurance policy with Endurance Specialty Insurance with policy limits of $25 Million per claim excess of $27.5 Million per claim (each and every).

5) We have further been advised that Physicians' Reciprocal Insurers denied coverage as set forth in its May 19, 2009 correspondence which was sent via certified mail and regular mail to plaintiff's counsel, Goldsmith, Ctorides & Rodriguez, L.L.P. at 747 Third Avenue, 37th Floor, New York, New York, 10017. Physicians' Reciprocal Insurers also excluded coverage for any liability for punitive or exemplary damages.

**PLEASE TAKE NOTICE** that pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants reserve the right to supplement this response at any time up to, and including, the time of trial.

Dated: New York, New York
August 25, 2010

        MARTIN CLEARWATER & BELL LLP

        By: _____
        Nancy J. Block (NJB-7098)
        ECF username: njblock
        Attorneys for Defendants
        THOMAS H. MILHORAT, M.D., PAOLO A. BOLOGNESE, M.D., MISAO NISHIKAWA, M.D., NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC., THE CHIARI INSTITUTE, an unincorporated entity of North Shore University Hospital and HARVEY CUSHING INSTITUTES OF NEUROSCIENCE, an unincorporated entity of North Shore University Hospital
        220 East 42nd Street
        New York, New York 10017
        (212) 697-3122

TO:   GOLDSMITH, CTORIDES & RODRIGUEZ, L.L.P.
       Attorneys for Plaintiffs
       747 Third Avenue, 37th Floor
       New York, New York 10017
       (212) 421-5500

       HEIDELL, PITTONI, MURPHY & BACH LLP
       Attorneys for Defendant
       CHANLAND ROONPRAPUNT, M.D.
       99 Park Avenue
       New York, New York 10016