# SUPPLEMENTAL NEEDS TRUST FOR THE BENEFIT OF

███████████████████████

This Trust Agreement made and executed this 15th day of October, 2014, by and between by and between ██████ █ ██████, of Kootenai County, Idaho, who is a disabled person as defined by 42 USC 1382c(3) and under sixty-five (65) years old, hereinafter referred to as the "Grantor" and WAYNE E. BRYANT and APRIL L. BRYANT, collectively hereinafter referred to as the "Trustee" of Kootenai County, Idaho.

It is the intention of the parties to this Agreement that this Trust will enable ██████ █ ██████, sometimes hereinafter referred to as "██████," to preserve or obtain government benefits to which she is or may be entitled because of future disabilities and to provide her with financial management for the distribution from the settlement proceeds from the law suit filed in United States District Court, Eastern District of New York, whether in lump sum payments or in a structured settlement payment.

The Trust established under this Agreement is written pursuant to the following laws:

    42 U.S.C. 1396p(d)(4)(A);
    20 CFS 416.1246(e);
    Social Security Programs Operations Manual System (POMS), Paragraphs 01120.105A2 and 01120.200;

1. SUPPLEMENTAL TRUST FBO ██████████████
{MWC00133245.DOCX;1/20350.500}

Department of Health and Human Services, Health Care Financing Administration (HCFA) Transmittal No. 64;
Idaho Code 15-7-201 et seq.; and
Idaho Administration Procedures Act (IDAPA) 16.03.05.840.08, 16.03.05.871, 16.03.05.872, and 16.03.05.873.

## WITNESSETH:

WHEREAS, the Grantor desires to create a trust effective this date and the Trustee agrees to act as Trustee thereof;

NOW, THEREFORE, the Grantor and Trustee agree as follows:

### ARTICLE I

1. **TRUST NAME:** This trust shall be known as the "SUPPLEMENTAL NEEDS TRUST FOR THE BENEFIT OF ▮▮▮▮▮ ▮ ▮▮▮▮▮."

2. **TRUST PROPERTY:** The Trust property shall consist of the property received by ▮▮▮▮▮ from the United States District Court in the Eastern District of New York under Index No. 09-3061. This matter was the result of a personal injury claim brought on behalf of ▮▮▮▮▮ by her parents and the money to fund this Trust is from the settlement proceeds under an Infant's Compromise Order. The settlement shall be distributed in favor of ▮▮▮▮▮ as beneficiary to WAYNE E. BRYANT and APRIL L. BRYANT, as Trustee of the SUPPLEMENTAL NEEDS TRUST FOR THE BENEFIT OF ▮▮▮▮▮ ▮ ▮▮▮▮▮.

The property shall be placed in this Trust subject to its terms and conditions and shall constitute the initial Trust corpus. The Trustee shall hold all such property in Trust for the purposes and on the conditions set forth in this Trust instrument. At no time shall such property become available to ▮▮▮▮▮ or be placed in her possession or come within the control of her conservator, if any, except as otherwise provided herein. ▮▮▮▮▮ does not have the right, authority, or power to convert these funds to cash. ▮▮▮▮▮ does not have the right to use these funds for support or maintenance.

3. **ADDITIONAL PROPERTY:** The Grantor, or any other person, with the consent of the Trustee, may name the trust as beneficiary of life insurance policies, or deposit property with the trust, or devise property to the trust.

## ARTICLE II

1. **ADMINISTRATION FOR BENEFICIARY:** The Trustee shall hold, administer and distribute the Trust estate for the sole benefit of ▮▮▮ during her lifetime. ▮▮▮ was born on ▮▮▮ and is now ▮▮▮ years of age. In making distributions for the benefit of ▮▮▮, the Trustee shall be governed by the following standards.

    a. <u>Discretionary Distributions</u>: Throughout the lifetime of ▮▮▮, the Trustee may pay to or for the benefit of ▮▮▮ such sums from the income and principal of the trust as the Trustee in its sole and absolute discretion deems necessary or advisable for the supplemental needs of ▮▮▮. Any income which is not distributed shall be added to principal. ▮▮▮ shall have no right, power or legal authority to direct the use of this supplemental trust for ▮▮▮ own support and maintenance.

    b. <u>"Supplemental Needs" Defined</u>: When used in this trust, "supplemental needs" refers to maintaining ▮▮▮ health, education, recreation, and welfare to the extent that such requisites are not being provided by any county, state, federal or other government agency. "Supplemental needs" shall include, but not be limited to, dental care, travel, entertainment, music lessons, programs for training and education, special equipment, and recreation.

    c. <u>Limitation on Distributions</u>: Neither the income nor principal of this trust shall be distributed to supplant or replace public assistance benefits of any county, state, federal or other government agency which is responsible for providing for persons with disabilities similar to those of ▮▮▮. For purposes of determining eligibility for Medicaid or other governmental programs, no part of the trust principal or income

3. SUPPLEMENTAL TRUST FBO ▮▮▮
{MWC00133245.DOCX;1/20350.500}

shall be considered available to ▬▬▬▬. The Trustee is authorized to deny any request to pay for expenses which Medicaid or any other governmental program could provide and to seek to obtain an order from a court holding that the trust principal and income are not available to ▬▬▬▬ for Medicaid or other eligibility purposes.

The Trustee shall not make any distribution from this Trust directly to ▬▬▬▬. Instead, distributions shall be made directly to providers (i.e. third parties) on the behalf of ▬▬▬▬.

d.  **Intent Regarding distributions**: This trust is established to supplement public assistance for ▬▬▬▬ throughout her life. The purpose of this trust is to maintain the proper dignity and care of ▬▬▬▬ by providing for living needs which public benefit programs do not provide. In the event the trust principal and income cause cessation of public assistance benefits due to ineligibility, or if the trust was subject to claims of creditors, the trust could be exhausted and ▬▬▬▬ supplemental needs could not be fulfilled. This trust shall be interpreted in accordance with the intent as set forth in this paragraph.

▬▬▬▬ has Supplemental Needs which may include, but are not limited to, the following which may not be provided by public assistance programs: Dental, eye, or auditory care; Psychological support services; Recreation or transportation; Supplemental nursing service; Physical therapy; (Vocational) Rehabilitation; Cosmetic care; Experimental, elective or extraordinary medical care; Equipment for recreation; Membership in clubs or subscriptions to magazines and newspapers; Advocacy, including a personal care consultant; and Intervention or respite when ▬▬▬▬ is in crisis. The Trustee is authorized to consider these and any other requisites of ▬▬▬▬ when making distributions.

It is the intent of the Grantor that ▬▬▬▬ maintain a level of human dignity and humane care. The Trustee should bear this in mind when making distributions from the Trust while simultaneously considering that the Trust is not to be invaded by creditors, subjected to any liens or encumbrances, or administered in such a way as to cause public benefits not to be initiated or to be terminated.

4.   SUPPLEMENTAL TRUST FBO ▬▬▬▬
{MWC00133245.DOCX;1/20350.500}

To the extent reasonable or advisable, the Trustee may deplete the Trust corpus prior to ▮ death, thereby giving preference to the interests of ▮. The Trustee shall hold title to all property comprising the Trust even when that property is distributed to ▮ for her use. The Trustee may liquidate property of the Trust at any time and such property need not be held in the name of ▮

No part of the Trust shall be used to supplant or replace benefits due from any insurance carrier under any insurance policy covering ▮

e. <u>Payment of Taxes and Expenses Upon Death of</u> ▮: Upon the death of ▮, the Trustee may pay any inheritance, estate or other death taxes that may be due regarding assets passing in accordance with these provisions or otherwise and all expenses of the last illness and funeral, expenses related to administration and distribution of the trust estate if, in the Trustee's discretion, other satisfactory provisions have not been made for the payment of such expenses. The Trustee shall make no payments for obligations incurred for ▮ health, support and maintenance if the Trustee determines, in its discretion, that payment is the obligation of any county, state, federal or other governmental agency which has a legal responsibility to serve persons with disabilities which are the same or similar to those of ▮ herein.

f. <u>Ineligibility Termination</u>: Notwithstanding the preceding provisions of this supplemental trust, the Trustee may, in its sole discretion, terminate in whole or in part this supplemental trust if the existence of this trust causes ▮ to become ineligible for Medicaid, Supplemental Security Income or any other county, state, federal or other government program.

i. In determining whether the existence of this supplemental trust has the effect of rendering ▮ ineligible for Medicaid, Supplemental Security Income or any other program of public benefits, the Trustee is hereby granted full and complete discretion to initiate either administrative or judicial proceedings, or

5. SUPPLEMENTAL TRUST FBO ▮
{MWC00133245.DOCX;1/20350.500}

both, for the purpose of determining eligibility and all costs relating thereto, including reasonable attorney's fees, shall be a proper charge to the trust estate.

        ii.     Further, if the Trustee terminates any portion of this supplemental trust pursuant to subparagraph 1(f) of this Article II, the Trustee may distribute the remainder of the trust estate to ▇▇▇ court appointed guardian and/or conservator, and all costs relating thereto, including reasonable attorney's fees, shall be a proper charge to the trust estate. The Trustee shall have complete and absolute discretion to completely distribute all or any part of the trust estate to the remainder beneficiaries under subparagraph 1(g) of this Article II.

        g.     <u>Termination Distribution</u>: Upon termination as provided in the preceding subparagraph 1(f), if the Trustee does not initiate further proceedings in accordance with the provisions of subparagraph 1(f)(ii) of this Article II, or upon the death of ▇▇▇, the remainder of this trust, after any payments permitted to be made by the Trustee pursuant to subparagraph 1(e) of this Article II, shall be distributed to the issue of ▇▇▇, subject to the provisions of Paragraph 2 of this Article II below. If ▇▇▇ dies without issue, then the remainder of this trust shall be distributed to ▇▇▇ heirs at law, subject to the provisions of Paragraph 2 of this Article II below.

        h.     <u>Public Assistance Programs</u>: The Trustee shall, in the exercise of the Trustee's best judgment and fiduciary duty, seek support and maintenance for ▇▇▇ from all available public resources. The Trustee shall take into consideration the applicable resource and income limitations of any public assistance program for which ▇▇▇ is eligible. The Trustee is hereby granted full and complete authority to take actions to apply on behalf of ▇▇▇ for benefits from any such program of public assistance. The Trustee is granted authority to initiate administrative and/or judicial proceedings for the purpose of determining or maintaining eligibility. All costs relating thereto, including reasonable attorney's fees, shall be a proper charge to the trust. It is the intention and directive of the Grantor that no part of the corpus of the Trust created herein shall be used to supplement or replace public

6.    SUPPLEMENTAL TRUST FBO ▇▇▇
{MWC00133245.DOCX;1/20350.500}

assistance benefits of any county, state, federal or other governmental agency which has a legal responsibility to persons with disabilities which are the same or similar to those which ▓▓▓▓▓ may be experiencing. For the purposes of determining ▓▓▓▓▓ public assistance eligibility, no part of the principal or undistributed income of the Trust shall be considered available to ▓▓▓▓▓

In the event the Trustee is required to release principal or income of the Trust to or on behalf of ▓▓▓▓▓ to pay for benefits or services which such public assistance is otherwise authorized to provide, were it not for the existence of this Trust, or in the event the Trustee is requested to petition the court or any other administrative agency for the release of Trust principal or income for this purpose, the Trustee is authorized to deny such request and is authorized in the Trustee's discretion to take whatever administrative or judicial steps may be necessary to continue the public assistance program eligibility of ▓▓▓▓▓ including obtaining instructions from a court of competent jurisdiction ruling that the Trust corpus is not available for ▓▓▓▓▓ for such eligibility purposes. Any expenses of the Trustee in this regard, including reasonable attorneys' fees, shall be a proper charge to the Trust. No Trustee shall be liable for any loss of Trust assets, except for any loss caused by the Trustee's bad faith, wanton conduct or negligence.

2. **TRUST CONTINUATION:** If any trust property is distributable to ▓▓▓▓▓ issue or to her heirs at law (hereinafter referred to individually as "beneficiary"), who have not attained twenty one (21) years of age, then the Trustee may in its discretion:

a. Defer, in whole or in part, payment or distribution of any or all property to which such beneficiary may be entitled, holding the whole or the undistributed portion thereof as a separate trust for each such beneficiary.

b. Pay, distribute or apply the whole or any part of the net income or principal held for any such beneficiary to or for the support, maintenance, health and education of such beneficiary by making payment or distribution thereof to the guardian, conservator, custodian or other legal representative, wherever appointed, of such

7.   SUPPLEMENTAL TRUST FBO ▓▓▓▓▓ ▓ ▓▓▓▓▓
{MWC00133245.DOCX;1/20350.500}

beneficiary, or to the person with whom such beneficiary resides, or to such beneficiary personally, or for the benefit of such beneficiary, and pay to or distribute any balance thereof to such beneficiary when such beneficiary attains the age of twenty one (21) years, or, in the case such beneficiary shall die before distribution of all the property, to the estate of such beneficiary. The receipt of the person or persons to whom any such payment of distribution is so made shall be a sufficient discharge.

### ARTICLE III

1. **INCOME AND PRINCIPAL ALLOCATIONS:** Unless otherwise specifically provided, the Trustee shall determine whether all or any part of any payment or property received or charged, expense or taxes incurred, shall be credited to or charged against income or principal, or both, in the manner provided by the Principal and Income Act in effect at such times of any state in which this trust is administered. The determination of the Trustee as to what constitutes principal and income shall, unless otherwise provided herein, be conclusive and binding on all persons in any manner interested in trusts created by this trust agreement.

2. **TRUSTEE POWERS:**

    (a) **General:** To carry out the purposes of the trust or trusts created under this Trust Agreement, and subject to any limitations stated elsewhere herein, the Trustee shall have all of the powers and authority granted pursuant to the laws of the State of Idaho including but not limited to those which are set forth in the Uniform Trustee's Powers Act, being Chapter 1 of Title 68, Idaho Code, as now in effect and as it may hereafter be amended. The Trustee may serve without bond.

    In addition, the Trustee shall have the power to effect distribution of property and money in divided or undivided interests and to adjust resulting differences in valuation. A distribution in kind may be made prorata or non-prorata among beneficiaries or other distributees.

    (b) **Trading Powers:** The Trustee shall have the power to hold or trade securities and/or commodities in a cash or margin account and to invest, hold or

8.  SUPPLEMENTAL TRUST FBO
    {MWC00133245.DOCX;1/20350.500}

trade in futures (long and short positions), put and call options (covered and uncovered and any combination thereof), hybrids, derivatives (including structured notes) and any other kind of financial instrument.

(c) **Power to Sell:** The Trustee shall have the power to sell for cash or credit, or on installments, at public or private sale, grant options to purchase, and convey or exchange any and all of the trust property, or any life estate, term of years, remainder or reversion therein, for such price, including property of equivalent value (whether of like kind or similar use, and including life estates, terms of years, remainders or reversions), and upon such terms, as the Trustee determines, in the Trustee's sole and absolute discretion.

(d) **Power to Make Technical Amendments:** The power to make technical amendments to the Trust to enable the Trustee to administer the Trust in accordance with the intentions of the parties as expressed herein. Any amendments can be made only for the purpose of conforming to later changes in federal or state law, and all changes shall conform with regulations approved by any government body or agency relating to 42 USC 1396 (p). The Trustee is required to give notice of any petition to alter or amend the Trust to the attorney for the Idaho Department of Health and Welfare.

(e) **Payment of Burial and Funeral Expenses:** The Trustee can irrevocably pay in advance for the funeral and burial expenses of ▮▮▮▮▮▮.

3. **COMPENSATION AND ACCOUNTING:** The Trustee and all persons employed by the Trustee shall be entitled to reasonable compensation in accordance with the provisions of applicable state law. The Trustee shall reasonably account as to the trust and its administration as provided by state law.

4. **SUCCESSOR TRUSTEE:** a. Successor: During the lifetime of the Trustees, the Trustee may appoint one or more Co-Trustees and may set forth the duties and responsibilities and any limitations thereof for such Co-Trustee or Co-Trustees. Upon the death, resignation or incapacity, or a combination thereof, of

WAYNE E. BRYANT or APRIL L. BRYANT, then the other of them shall act as sole Trustee.

In the event the nominated individual or entity fails to qualify or ceases to act as Trustee, then any alternate individual or entity nominated in writing by a Trustee shall be appointed Trustee or in the absence of any such nomination of an alternate then any such previously nominated or appointed individual or entity who is ceasing or declining to act may nominate in writing a successor Trustee.

In the event any vacancy as to the Trustee is not filled by the aforedescribed procedures, then a successor Trustee may be appointed by ▓▓▓▓ (or by ▓▓▓▓ court appointed guardian, if any) or otherwise by a court of competent jurisdiction upon the petition of the resigning Trustee or any interested party.

b.  <u>Resignation</u>: Any Trustee or Co-Trustee may resign at any time by so notifying in writing ▓▓▓▓ or the guardian of ▓▓▓▓.

c.  <u>Appointment Requirements</u>: All appointments as to successor Trustee or Co-Trustee shall be made in writing. Any successor Trustee or Co-Trustee who is properly appointed shall become a successor Trustee or Co-Trustee upon written acceptance of the appointment.

d.  <u>Authority of Successor</u>: A successor Trustee or Co-Trustee shall succeed as Trustee or Co-Trustee, as the case may be, of this trust with the same authority and powers and subject to the same conditions as are herein set forth. As used in this trust, the term "Trustee" shall be deemed to refer to both or all Co-Trustees unless the context clearly implies the contrary.

e.  <u>Trustee Exclusion</u>: In no event may ▓▓▓▓ be appointed successor Trustee of the trust.

5.  **CHARACTER OF DISTRIBUTIONS:** Unless otherwise specifically stated, all distributions, whether of trust income or principal, shall be the separate property of ▓▓▓▓. All income, rents, issues, profits, gains and appreciation of property distributed shall also be the separate property of ▓▓▓▓.

10.   SUPPLEMENTAL TRUST FBO ▓▓▓▓
{MWC00133245.DOCX;1/20350.500}

6. **SPENDTHRIFT PROTECTION:** Neither the principal nor the income of any trust herein created shall be liable for the debts of ▇▇▇, nor shall the trust be subject to seizure by any creditor under the writ of proceedings at law or in equity, nor bankruptcy proceedings, nor other legal process. ▇▇▇ shall not have the power to sell, assign, transfer, encumber or in any other manner anticipate disposition of the trust estate or the income therefrom. Since this trust is administered for the supplemental needs of ▇▇▇, no part thereof shall be considered to be owned by ▇▇▇ or be subject to the claims of creditors for the provisions of care or services by any county, state, federal or other governmental agency.

7. **SUPER TRUSTS:** a. <u>Advantageous Super Trusts.</u> There may from time to time be a master trust, including government sponsored trusts (any and all of which are sometimes herein referred to as "super trusts") which could appear to offer one or more of the following advantages: (i) be more economical to administer than the within trust; (ii) deliver better services to or for ▇▇▇; (iii) offer better hope of continuance during ▇▇▇ lifetime; (iv) offer guaranteed lifetime care of ▇▇▇; (v) have other features considered to be in the long run benefit of ▇▇▇.

   b. <u>Authorization as to Terms of Super Trusts</u>: The Trustee shall have the discretionary authority to transfer assets of the trust to a super trust and to agree to the terms under which the super trust operates even though such terms vary from the terms of the within trust but do carry out the general purposes of the within trust and preserve the right to governmental benefits. This authority may be exercised even though the super trust provisions may reduce or eliminate the ultimate beneficial interest of beneficiaries. By way of illustration, the arrangement with the super trust might provide guaranteed lifetime benefits but in return for that the super trust would retain all or part of the assets remaining at ▇▇▇ death. To the extent possible, except for any gift of a portion of the balance that may be required by the super trust, the terms of the super trust shall provide for the same distribution provisions upon the death of ▇▇▇ as are provided herein.

11. SUPPLEMENTAL TRUST FBO ▇▇▇ ▇▇▇
{MWC00133245.DOCX;1/20350.500}

c. <u>Distribution of Any Remainder</u>: Should the distribution to a super trust result in what appears to the Trustee to be satisfactory arrangements for the lifetime needs of ▇, the Trustee shall distribute any remaining trust estate in the manner provided herein for distribution upon the death of ▇ except that the date determinative of the right to be a distributee shall be the date of distribution rather than the date of ▇ death.

d. <u>Pay-As-You Go Services</u>: At any time, the Trustee shall have the power to contract for services, including but not limited to, case management and/or the providing of a social worker to visit ▇ and be a person to whom ▇ would be able to turn for any personal assistance.

## ARTICLE IV

1. **IRREVOCABILITY:** This Trust shall be irrevocable and ▇ shall have not right or power to alter, amend, revoke or terminate the Trust, or any of its terms, or to designate the persons who shall possess or enjoy the Trust property or the income therefrom. ▇ intends to and does relinquish absolutely and forever all possession and control of the Trust estate.

The duties, responsibilities and rate of compensation of the Trustee shall not be altered or modified without its written consent.

2. **SITUS:** This trust is established and accepted by the Trustee under the laws of the State of Idaho, and all questions concerning its validity, construction and administration shall be determined under such laws.

3. **HEADINGS:** The bold paragraph headings are for convenience only and are not a part of this trust agreement and shall not be used in interpreting or construing this trust agreement.

4. **SEVERABILITY:** If any provision of this Agreement is deemed invalid or unenforceable for any reason, the remaining provisions of this Agreement shall not be

12. SUPPLEMENTAL TRUST FBO ▇
{MWC00133245.DOCX;1/20350.500}

affected thereby but rather shall be enforced to the greatest extent permitted by applicable law.

5. **COUNTERPARTS:** This Agreement may be executed through the use of multiple original counterparts.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement the day and year first above written.

_____
WAYNE E. BRYANT,
Trustee

_____
APRIL L. BRYANT,
Trustee


STATE OF IDAHO            )
                          ss.
County of Kootenai        )

On this 17th day of November, 2014, before me, the undersigned, a Notary Public in and for said State, personally appeared WAYNE E. BRYANT, known or identified to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.

_____
Notary Public for Idaho
Comm. Exp.: 06/11/16


STATE OF IDAHO            )
                          ss.
County of Kootenai        )

On this 15th day of October, 2014, before me, the undersigned, a Notary Public in and for said State, personally appeared APRIL L. BRYANT, known or identified to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same.

_____
Notary Public for Idaho
Comm. Exp.: 06/11/16

13. SUPPLEMENTAL TRUST FBO ▮▮▮▮▮▮▮▮▮▮
{MWC00133245.DOCX;1/20350.500}